IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT YOUNG,

       Plaintiff,                      No. 2:09-cv-3599 GEB KJN P

   vs.

JAMES A. TILTON, et al.,

       Defendants.              ORDER

_____/

        Plaintiff is a state prisoner who proceeds in this action without counsel. The magistrate judge previously assigned this case construed plaintiff's pleading (entitled "Petition for Writ of Habeas Corpus and 42 U.S.C. 1983-1985") as a civil rights complaint ("[b]ecause the gravamen of this action concerns petitioner's claims regarding prison conditions, the court construes this as a civil rights action"). (Dkt. No. 7, at 1.) Plaintiff was directed to file an amended application to proceed in forma pauperis, which he timely filed. This court now reviews that application, as well as plaintiff's initial pleading.

        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing

1

fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        The pleading alleges the denial of plaintiff's federal constitutional and statutory rights related to the conditions of his confinement, but also challenges, superficially, plaintiff's denial of parole.  Plaintiff alleges that he "was denied parole because of work/vocational assignment due to medical conditions" (Dkt. No. 1, at 1), specifically, that officials allegedly failed to honor plaintiff's request (pursuant to a "Reasonable Modification or Accommodation Request" ("RMAR"), CDCR Form 1824) that he be "medically unassigned" to work duties or, at

most, assigned to "light duties" based on plaintiff's numerous alleged medical problems, viz., "excruciating pain from degenerative disc disease, back and hip pain, constant exhaustion/non-energy because of hepatitis-C disease and other debilitating illnesses that are well documented in plaintiff's medical records." (Dkt. No. 1, at 22.) Plaintiff alleges that officials failed to provide for a physical examination and assessment of his alleged disabilities in support of his RMAR request. While plaintiff's several exhibits appear to be related primarily to his non-parole claims, plaintiff concludes that "[d]efendants['] action/non-action have caused and continue to cause, in part, plaintiff from receiving a parole date because of documented low performance in his vocation trade. . ." (Id.)

    Plaintiff names over twenty defendants, all individuals, most of whom allegedly provided an inadequate review of his RAMR requests and/or administrative appeals thereon, or who allegedly provided inadequate medical care. Plaintiff asserts claims pursuant to Section 1983, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act ("Rehabilitation Act "). He seeks a declaration that defendants improperly, and with discriminatory intent and impact, denied plaintiff's RAMR requests and appeals thereon, in violation of the ADA and the Rehabilitation Act, and that defendants violated plaintiff's rights to due process, equal protection, and adequate medical care under Section 1983. Plaintiff seeks injunctive relief ordering that he receive a physical exam, and new RAMR hearing, and adequate medical care, as well expungement of related disciplinary findings, and a new parole hearing. (Dkt. No. 1, at 23-24.) Plaintiff also seeks compensatory and punitive damages.

    The court finds the allegations of plaintiff's complaint too wide-ranging and imprecise, and the number of defendants too great, to ascertain whether plaintiff states any potentially cognizable claims for relief. The court will therefore dismiss the complaint and grant plaintiff the opportunity to file an amended complaint, pursuant to the following guidance.

    Individuals cannot be sued directly under the ADA or Rehabilitation Act. See

Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) ("Title II provides disabled individuals redress for discrimination by a 'public entity.' See 42 U.S.C. § 12132. That term, as it is defined within the statute, does not include individuals. See 42 U.S.C. § 12131(1)."). The appropriate defendant in a Title II/Rehabilitation Act action is the allegedly discriminatory "public entity," here California State Prison-Solano and/or the California Department of Corrections and Rehabilitation.

Nor can individuals be sued in their individual capacities under Section 1983 predicated upon alleged violations of the ADA or Rehabilitation Act. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act"). Rather, plaintiff's Section 1983 claims must be premised on the alleged misconduct of defendants independent of Title II and the Rehabilitation Act. Moreover, because plaintiff's Section 1983 claims must be exhausted pursuant to the administrative appeals process, 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001), plaintiff is encouraged to review the content of his administrative claims, and the identity of the officials whose conduct he challenged, before filing an amended complaint reflecting those claims and defendants.

Plaintiff's claims that the Board of Parole Hearings violated his rights to due process and equal protection when it failed to find plaintiff suitable for parole—because, in part, plaintiff failed to participate in medically incompatible institutional programs—cannot be brought before this court absent reversal of the underlying finding that plaintiff had no medical preclusions. Cf. Heck v. Humphrey, 512 U.S. 477 (1994) (plaintiff may not recover damages for allegedly unconstitutional harm caused by an official decision that remains valid). Nor can plaintiff challenge the denial of his parole until he has exhausted his claims in the state courts. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Although these considerations appear to render most, if not all, of plaintiff's

4

claims noncognizable as framed, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is cautioned that Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. A complaint must give fair notice and state the elements of plaintiff's claims plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to file an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff may, however, request that the exhibits currently attached to his initial complaint be attached to his amended complaint. An amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."

Plaintiff will, alternatively, be given the opportunity to file an Amended Petition for Writ of Habeas Corpus, *instead* of an Amended Complaint, consistent with the requirements set forth above.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days after the filing date of this order, plaintiff may complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; ***and***

    b. An original and one copy of an Amended Complaint, ***OR***

    c. An original and one copy of an Amended Petition for Writ of Habeas Corpus.[1]

5. Failure to timely respond to this order may result in the dismissal of this action.

6. The Clerk of Court is directed to send plaintiff, with this order, one blank "Form to be Used by a Prisoner in Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983," and one blank "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody."

SO ORDERED.

DATED: February 18, 2011

                              KENDALL J. NEWMAN
                              UNITED STATES MAGISTRATE JUDGE

youn3599.scrn

---

[1] If plaintiff files an Amended Petition for Writ of Habeas Corpus, rather than an Amended Complaint, the court will adjust payment of the filing fee pursuant to plaintiff's in forma pauperis status.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT YOUNG,

        Plaintiff,                No. 2:09-cv-3599 GEB KJN P

    vs.

JAMES A. TILTON, et al.,

        Defendants.         <u>NOTICE OF AMENDMENT</u>

_____/

       Plaintiff hereby submits the following documents (an original and one copy) in compliance with the court's order filed _____:

      ***Select only one***:

      _____      Amended Complaint

      ***OR***

      _____      Amended Petition for Writ of Habeas Corpus

_____      _____
Date                                              Plaintiff