IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERT YOUNG,

    Plaintiff,                              No. 2:09-cv-3599 GEB KJN P

    vs.

JAMES A. TILTON, et al.,

    Defendants.                ORDER

_____/

        Plaintiff requests the appointment of counsel, stating in part that he is confused by the court's February 22, 2011 order (Dkt. No. 11), which he describes as "too complicated for plaintiff to follow, without the assistance of counsel." (Dkt. No. 16 at 4.) That order, in pertinent part, dismissed plaintiff's complaint with leave to file an amended pleading, either a civil rights complaint or a petition for writ of habeas corpus. The court informed plaintiff that his original pleading improperly alleged claims and sought remedies relative both to plaintiff's conditions of confinement (civil rights) and the duration of his confinement (habeas corpus).

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v.

1  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
2  (9th Cir. 1990).  Exceptional circumstances supporting appointment of counsel include an
3  evaluation of plaintiff's ability to articulate his claims in light of the complexity of the legal
4  issues involved, and the likelihood of success on the merits of plaintiff's claims.  Agyeman v.
5  Corrections Corporation of America, 390 F.3d 1101, 1103 (9th Cir. 2004) (citations omitted).
6         The court has again reviewed plaintiff's original pleading pursuant to the instant
7  motion for appointment of counsel.  While the court is unable to access at this time the likelihood
8  of success on the merits of plaintiff's claims, it is clear that plaintiff is fluent in English and
9  clearly capable of articulating the matters that he challenges.  Plaintiff's situation is not unlike
10 that of other prisoners who assert that the alleged violation of their civil rights has adversely
11 impacted their parole eligibility.  The court attempted to assist plaintiff in distinguishing between
12 these matters and proceed with a narrowed amended pleading, e.g., in addition to noting the
13 limitations of pursuing a civil rights claim premised on an official decision that remains valid,
14 see Heck v. Humphrey, 512 U.S. 477 (1994), the court informed plaintiff of the limitations
15 associated with his claims under the Americans with Disabilities Act and Section 504 of the
16 Rehabilitation Act.  (See generally Dkt. No. 11.)  Because the complexity of these matters is not
17 unique to plaintiff's action, the court finds that this case does not present the required special
18 circumstances warranting appointment of counsel at this time.
19         Accordingly, IT IS HEREBY ORDERED that:
20         1. Plaintiff's request for appointment of counsel (Dkt. No. 16) is denied without
21 prejudice.
22         2. Plaintiff is reminded of the extended deadline of June 20, 2011, for filing an
23 amended pleading (see Dkt. No. 15).
24         3. Should plaintiff fail to timely file an amended pleading, or upon plaintiff's
25 request filed before June 20, 2011, the court will reinstate plaintiff's original pleading and
26 rescreen it pursuant to 28 U.S.C. § 1915A(a), identifying all potentially cognizable claims therein

1  without leave to file an amended pleading.

2         SO ORDERED.

3  DATED: June 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

youn3599.31.etc